## Henry *v.* Lehigh Valley Coal Company, Appellant.

*Arbitration—Mining lease—Agreement.*

A general arbitration clause in a mining lease providing that any differences arising between the parties in reference to any matter relating to the agreement should be referred to three disinterested persons, cannot be held to include a special subject of difference for which a different special and peculiarly appropriate tribunal had been already provided in the lease.

Argued April 10, 1906.  Appeal, No. 303, Jan. T., 1905, by defendant, from order of C. P. Luzerne Co., Oct. T., 1905, No. 607, discharging rule to arbitrate in case of Sallie Henry and Sarah J. Atherton, Executrix of James P. Atherton, v. Lehigh Valley Coal Company.  Before MITCHELL, C. J., MESTREZAT, POTTER, ELKIN and STEWART, JJ.  Affirmed.

Rule to show cause why an agreed submission to arbitrate should not be made a rule of court.

HALSEY, J., filed the following opinion :

An indenture of lease was made upon December 15, 1888, between the said Sallie Henry and Sarah J. Atherton, executrix, and the Lehigh Valley Coal Company for all the merchantable anthracite coal, in, under and upon the land described in the said indenture.  The eleventh clause in the said indenture of lease provides :

" That when the said party of the second part, the lessee, shall have paid for as much coal as they have not mined as in their opinion still remains in premises unmined and capable of being mined, the said lessee may notify the lessor to choose a mining engineer who with a mining engineer of the lessee shall select a third mining engineer, disinterested in the result, and said three engineers shall thereupon make the necessary examination for determining the amount of coal on the property by actual examination and testing of all the veins ; and if the said engineers or a majority of them shall be of opinion that all of said coal on said land and property leased and capable of being mined under the terms of the lease have been paid for, the said lessee shall not thereafter be required to make further payments on account of coal mined," etc.

The lessor refused to act under this clause in the said indenture.  The lessee contends that it can have the same question determined by a reference agreed to in the twelfth clause of the said lease, which provides :

" That should any differences arise between the parties hereto in reference to any matter or thing connected with or relating to the provisions of or in carrying out of this agreement, the same shall be referred to three disinterested persons of whom each party, lessor and lessee, shall choose one, and the two so chosen shall choose a third, and the decision of a majority of them shall be final and conclusive ; and should either party neglect or refuse to so choose a referee after ten days' written notice from the other, that they have chosen their referee, then they may choose a second referee and the two so chosen shall proceed to choose a third, and the decision of the majority of them shall be final and conclusive between the parties hereto. This arbitration proceeding may be had under the act of 1836 and be proceeded with in the court of common pleas of Luzerne county."

Upon the service of the notice provided for in this covenant of the indenture, the lessor expressly revoked the covenant providing for submission to arbitration as contained in the eleventh and twelfth clauses of the said lease, with notice of such revocation to the lessee as well as to the referee named by the lessee.

The lessee contends that there can be no revocation of the agreement to refer to referees the question as to whether or not the lessee has paid the lessor for all the coal contained in the premises as described in the indenture aforesaid between the said lessor and lessee.   The covenant of agreement under which the lessee contends that there must be a determination of this question before referees, is found in the last clause of the twelfth paragraph of the lease between the said lessor and lessee.   It is in the following language :

" This arbitration proceeding may be had under the act of 1836 and be proceeded with in the court of common pleas of Luzerne county."

The reference to the act is indefinite.   It is presumably under the arbitration Act of the legislature of June 16, 1836, P. L. 715.   However, it is not conclusively so.   There was no

suit pending between the lessor and the lessee at the time that the rule was taken in this case. The act of June 16, 1836, supra, provides :

" It shall be lawful for all persons desirous to end by arbitration any controversy, suit or quarrel, except such as respect the title to real. estate, to agree in writing that their submission of the same to the award or umpirage of any person or persons shall be made a rule of any court of record of this commonwealth having jurisdiction which the parties shall choose, and they shall insert such, their agreement, in their submission or the condition of the bond or promise whereby they may oblige themselves respectively to submit to the award or umpirage of any person or persons."

If there had been an action pending between the lessor and the lessee and the agreement was to submit to arbitration the question in dispute under the act of June 16, 1836, the same might be done without a formal rule being taken out for said arbitration. The authority to so arbitrate would be implied : Ford v. Keen, 13 Pa. 179 ; Buckman v. Davis, 28 Pa. 211, otherwise the agreement of submission must contain an agreement that it shall be made a rule of court and without such provision the award cannot be enforced : Fox v. Ealer, 2 Miles, 169 ; Otis and Craven v. Northrop, 2 Miles, 350 ; Okison v. Flickinger, 1 W. & S. 257 ; Benjamin v. Benjamin, 5 W. & S. 562.

In the case relied upon by the counsel for the lessee, Zehner v. Lehigh Coal and Navigation Company, 187 Pa. 487, there was an action pending in the court of common pleas of Schuylkill county and the agreement to arbitrate was an agreement made to settle the differences between the respective parties in that action. In the agreement to arbitrate in that case, it was specifically provided that we furthermore agree that our submission to such award shall be made a rule of and in said court. The agreement in this case is in the contract between the parties, lessor and lessee, and is of a very indefinite and inconclusive character, providing that the arbitration proceeding covenanted in the twelfth paragraph of the indenture of lease may be had under the act of 1836 and be proceeded with in the court of common pleas of Luzerne county. There is no agreement that the same shall be made a rule of court, and a very

uncertain reference to the act under which the proceeding was to be had. In our judgment whatever agreement this clause in this indenture provided for, it was of a revocable character, and, having been revoked by the lessor, this rule must be discharged.

*Error assigned* was the order of the court.

*J. B. Woodward,* of *Woodward, Darling & Woodward,* for appellant.

*Henry A. Fuller,* for appellee.

PER CURIAM, May 24, 1906:

Conceding for the argument that the reference in clause 12 of the lease to the arbitration act of 1836 is sufficient to constitute an arbitration under rule of court the present claim is not under clause 12 but clearly under clause 11 which does not refer to the statute at all. It is a separate clause providing for a special tribunal to settle a special subject of dispute, a technical and professional tribunal for a technical, scientific question, to wit: how much minable coal still remains unmined in the land.

Notwithstanding, therefore, the generality of the language of clause 12 that any differences arising between the parties in reference to any matter relating to the agreement should be referred to three disinterested persons, it cannot be held to include a special subject of difference for which a different, special and peculiarly appropriate tribunal had been already provided.

It is much to be regretted that agreements to arbitrate, founded on consideration, should be excepted from the general law of contracts and treated as revocable by one party without consent of the other. But the law is too firmly settled to be changed without legislative authority.

Judgment affirmed.